**TICKETMASTER CORP., an Illinois corporation; Ticketmaster Online–Citysearch, Inc., a Delaware corporation, Plaintiffs-counter-defendants—Appellees,**

v.

**TICKETS.COM INC., a Delaware corporation, Defendant-counter-claimant—Appellant.**

No. 03–55641.
D.C. No. CV–99–07654–HLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided April 11, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Robert E. Cooper, Steven E. Sletten, Gibson, Dunn & Crutcher, and Mark S. Lee, Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Plaintiffs-counter-defendants—Appellees.

Mark S. Lee, Alfred C. Pfeiffer, Jr., Bingham McCutchen, LLP, San Franciso, CA, for Defendant-counter-claimant—Appellant.

Before KOZINSKI, TROTT and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

■ 1. To meet its initial burden of establishing that Ticketmaster's practices unreasonably restrain trade under section 1 of the Sherman Act, 15 U.S.C. § 1, Tickets.com "must show that the activity is the type that restrains trade and that the restraint is likely to be of significant magnitude." *Bhan v. NME Hosps., Inc.,* 929 F.2d 1404, 1413 (9th Cir.1991). Tickets.com argues that Ticketmaster's practices restrain trade because its exclusive contracts with venues are too long-term, foreclose too much competition and make competitive entry too difficult.

In *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.,* 848 F.2d 976, 982 (9th Cir.1988), we affirmed the district court's grant of summary judgment upholding a six-year exclusive contract, renewable through competitive bidding, against a section 1 challenge. Six years is about as long as the average duration of Ticketmaster's venue contracts, and the record here shows that there was substan-

---

tial competitive bidding, in which Tickets.com was an active, and sometimes successful, participant. (Not all contracts were renewed through bidding, but the record does not reveal how many were renewed noncompetitively.) Tickets.com has not shown that contract length is inherently unreasonable or that competitive entry is unduly difficult. No reasonable factfinder could find on this record that any deviations from fully competitive bidding were "likely to be of significant magnitude."

Nor is the amount of foreclosure excessive. Tickets.com claims that contracts at, on average, 16% of Ticketmaster's venues, or 26% of the top 150 venues, come up for renewal in any given year. This is not so low as to preclude entry: "[A]ll customers might contract to buy exclusively from incumbents and yet allow effective entry if 20 percent of the contracts expire monthly (or even annually)." *Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1164 (9th Cir.1997) (quoting from 2A Phillip E. Areeda, Herbert Hovenkamp & John L. Solow, *Antitrust Law* ¶ 421f, at 68 (1995)) (alteration in original).

The "best efforts" clauses in Ticketmaster's contracts with ClearChannel and SMG do not unreasonably restrain trade, as there is insufficient evidence in the record that they harm consumer welfare.

Thus, Tickets.com has not made a prima facie showing that Ticketmaster's practices unreasonably restrain trade. The district court did not err in granting Ticketmaster summary judgment on Tickets.com's section 1 claim.

■ 2. To prevail on its monopolization claim under section 2 of the Sherman Act, 15 U.S.C. § 2, Tickets.com must show,

among other things, that Ticketmaster willfully acquired or maintained market power through exclusionary conduct. *See Metronet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1130 (9th Cir.2004). Tickets.com argues that Ticketmaster's conduct is exclusionary because of the same foreclosure concerns and alleged harms to consumer welfare discussed in part 1 *supra.* For the reasons stated above, Ticketmaster's conduct was not exclusionary. Because an attempt claim under section 2 similarly requires "predatory or anticompetitive conduct," *Rebel Oil Co. v. ARCO*, 51 F.3d 1421, 1433 (9th Cir.1995), Tickets.com's claim of attempted monopolization also fails.

**AFFIRMED.**